Of Counsel:
DAVIS LEVIN LIVINGSTON

MARK S. DAVIS            1442-0
MICHAEL LIVINGSTON       4161-0
THOMAS OTAKE             7622-0
LORETTA A. SHEEHAN       4160-0
CLARE E. CONNORS         7936-0
MATHEW WINTER            8464-0
851 Fort Street, Suite 400
Honolulu, Hawai`i 96813
Telephone:  (808) 524-7500
Fax: (808) 356-0418
Email:      mdavis@davislevin.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **ELAINE SURNOW**, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE **ESTATE OF JEFFREY SURNOW**, DECEASED, **MAX SURNOW, SAM SURNOW**, AND **LISA SURNOW**,<br><br>Plaintiffs,<br><br>vs.<br><br>**JODY BUDDEMEYER**; **THE COUNTY OF HAWAII** AND **THE COUNTY OF HAWAII POLICE DEPARTMENT**,<br><br>Defendants. | CIVIL NO. _____<br><br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS TO ANSWER CIVIL COMPLAINT** |

## COMPLAINT

COME NOW Plaintiffs above named, by and through their attorneys DAVIS LEVIN LIVINGSTON, and hereby make the following allegations as a cause of action against the above-named Defendants:

## INTRODUCTION

1.     This is a lawsuit against Defendant JODY BUDDEMEYER, and THE COUNTY OF HAWAII and the COUNTY OF HAWAII POLICE DEPARTMENT, arising out of the wrongful death of JEFFREY SURNOW, at the age of 63, on March 1, 2015, in the County of Hawaii, State of Hawai`i.  On March 1, 2015, Defendant BUDDEMEYER was an on-duty police officer, acting within the course and scope of his employment with the Hawaii County Police Department, when he operated his police vehicle in a negligent manner and killed JEFFREY SURNOW, who was on his morning bicycle ride.  This lawsuit is filed by ELAINE SURNOW, the widow of JEFFREY SURNOW, individually and as Personal Representative of the ESTATE OF JEFFREY SURNOW, and by MAX SURNOW, SAM SURNOW, AND LISA SURNOW, the adult children of JEFFREY SURNOW.

## PARTIES

2.     Plaintiff ELAINE SURNOW, at all relevant times, has been a resident of the State of Michigan.  Plaintiff Elaine Surnow is the widow of Mr. Jeffrey

2

Surnow, who died as a result of the negligence that gives rise to this lawsuit. As the widow of Mr. Jeffrey Surnow, Plaintiff Elaine Surnow files this case in her individual capacity. Plaintiff Elaine Surnow also files this case in her capacity as Personal Representative of the ESTATE OF JEFFREY SURNOW, Deceased. Plaintiff Elaine Surnow was appointed by this Court as Personal Representative of the Estate of Jeffrey Surnow on May 28, 2015.

3.      Plaintiffs MAX SURNOW, SAM SURNOW, AND LISA SURNOW, at all relevant times, have been residents of the State of Michigan. Plaintiffs Max Surnow, Sam Surnow, and Lisa Surnow are the adult children of Mr. Jeffrey Surnow. They file this case in their individual capacities.

4.      Defendant JODY BUDDEMEYER, at all relevant times, was a resident of the County of Hawaii, State of Hawai`i. At all relevant times, Defendant Jody Buddemeyer was employed as a police officer by Defendants COUNTY OF HAWAII and COUNTY OF HAWAII POLICE DEPARTMENT.

5.      Defendants COUNTY OF HAWAII and COUNTY OF HAWAII POLICE DEPARTMENT are governmental entities in the State of Hawaii. In addition to being liable for their own negligent acts, the County of Hawaii and the County of Hawaii Police Department are vicariously liable for the negligent and/or improper acts and/or omissions of their employees acting in the course and scope

of their employment and/or their agents acting with actual and/or apparent authority.

## JURISDICTION

6.      Plaintiffs brings this complaint in the United States District Court for the District of Hawaii under federal diversity jurisdiction, 28 U.S.C. §1332(a)(1), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTS COMMON TO ALL CLAIMS

7.      Mr. Jeffrey Surnow ("Mr. Surnow") was a highly successful real estate developer and well-known philanthropist in the Detroit, Michigan area.  He was the founder of The Surnow Company, a privately owned real estate development and management firm headquartered in Birmingham, Michigan.  Mr. Surnow was an exercise and bicycle enthusiast, and was one of the leading advocates of bicycle safety in the Detroit area.

8.      In February of 2015, Mr. Surnow and Plaintiff Elaine Surnow, his wife of 30 years, traveled to the Big Island of Hawaii for vacation.  Mr. Surnow brought his high performance Trek Gary Fisher Signature Collection Cronus CX road bicycle with him to the Big Island, so that he could maintain his exercise regimen during his vacation.

9.     During their Big Island vacation, the Surnows stayed at the Mauna Kea Beach hotel in the north Kohala area of the Big Island.  Almost every morning during the Surnow's vacation, Mr. Surnow went on long training rides on his bicycle, beginning and ending at his hotel.

10.     Because Mr. Surnow often rode his bicycle after dark, his bicycle was well equipped with high intensity safety lights and reflectors, which he would always use.  In addition, Mr. Surnow's clothing and shoes used for riding included reflective material. As a leading advocate of bicycle safety in his hometown, Mr. Surnow was well aware of the bicycle safety laws and protocols, and abided by them during all of his rides.

11.     On March 1, 2015, Mr. Surnow left the Mauna Kea Beach Hotel for his morning bike ride a little after 4:00 a.m.   At all times during his morning bike ride on March 1, 2015, Mr. Surnow exercised reasonable care for his own safety and protection.

12.     On the morning of March 1, 2015, Defendant Buddemeyer was employed as a police officer by the County of Hawaii Police Department, an agency or department of the County of Hawaii.  At shortly after 6:00 a.m. on March 1, 2015, after working a long, overnight double shift, Defendant Buddemeyer was driving his police vehicle eastbound on Waikoloa Road.  He was within the course and scope of his employment with the County of Hawaii Police

Department at that time, and was performing his duties associated with that employment.

13.   Also at shortly after 6:00 a.m. on March 1, 2015, Mr. Surnow was riding his bicycle, also traveling eastbound on Waikoloa Road, as part of his morning ride.

14.   Mr. Surnow and Defendant Buddemeyer were traveling in the same direction on Waikoloa Road, with Defendant Buddemeyer approaching Mr. Surnow from behind.

15.   Despite Mr. Surnow's bright safety light and reflectors, and his compliance with all bicycle safety laws and standards, Defendant Buddemeyer's police vehicle struck Mr. Surnow's bicycle from behind, causing Mr. Surnow to be thrown from his bicycle onto the ground.  According to a GPS system Mr. Surnow was utilizing at the time, his bicycle stopped moving at 6:18 a.m.

16.   Despite being an on-duty police officer with heightened life-saving skills, and an increased ability to contact first responders, Defendant Buddemeyer did not immediately stop, render aide, or call for help.

17.   According to reports by Emergency Medical Services ("EMS"), the first emergency 911 call was not made until 6:28 a.m., ten minutes after Mr. Surnow's bicycle stopped moving.

18.     Defendant Buddemeyer delayed returning to the scene of the collision. When he finally returned to the accident scene, he tampered with the evidence by gathering portions of the wrecked bicycle and portions of his damaged bumper and storing them in the trunk of his vehicle.

19.     When EMS arrived at the scene of the collision, they found Mr. Surnow unresponsive and in extremely critical condition.

20.     Defendant Buddemeyer lied to the responding EMS personnel and told them he had simply found the injured bicyclist on the side of the road as he was driving past in his patrol car.

21.     Despite the efforts of EMS and other medical providers, Mr. Surnow was pronounced dead at Kona Community Hospital several hours later.

22.     The cause of death was determined by the medical examiner to be a fractured cervical vertebrae with injury to the spinal cord and brain stem as a result of the motor vehicle/bicycle collision.

23.     As a result of negligently killing Mr. Surnow while on duty, and then attempting to cover up his actions and involvement, Defendant Buddemeyer was subsequently fired by the County of Hawaii Police Department.

24.     Defendant Buddemeyer thereafter filed for temporary disability benefits under the workers compensation laws of the State of Hawaii, claiming that he suffered a stress disorder as a result of his involvement in the accident.

25.     After collecting evidence related to the workers compensation claim, the State of Hawaii Department of Labor and Industrial Relations Disability Compensation Division ruled that Defendant Buddemeyer was acting in the course and scope of his employment at the time of the collision on March 1, 2015, that caused Mr. Surnow's death.

26.     As a result of negligently killing Mr. Surnow while on duty, and then attempting to cover up his true involvement, Defendant Buddemeyer was indicted by the Hawaii County Prosecutor's Office for the crime of Negligent Homicide in the First Degree, Tampering with Evidence, and False Reporting to Law Enforcement.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE, GROSS NEGLIGENCE AND WRONGFUL DEATH
(Defendant BUDDEMEYER)

27.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 26 above, as though fully set forth herein.

28.     Defendant Buddemeyer had a duty to exercise reasonable care in the operation of his vehicle at all relevant times.

29.     Defendant Buddemeyer breached this duty of care by driving his vehicle in an unsafe, careless and/or reckless manner, thereby causing his vehicle

to collide into Mr. Surnow's bicycle on March 1, 2015, injuring and ultimately killing Mr. Surnow.

30. Defendant Buddemeyer had a duty to stop immediately after the collision, and to render aid and call for emergency medical assistance.

31. Defendant Buddemeyer breached this duty to stop, render aid, and call for emergency medical assistance by failing to stop immediately and instead leaving the scene of the collision, and by delaying for approximately ten minutes before calling for emergency medical assistance.

32. Defendant Buddemeyer had a duty to assist in the investigation of the accident, including in the preservation of the accident scene and the evidence related to the collision, and by providing accurate and complete information about the accident to other investigating officers.

33. Defendant Buddemeyer breached this duty to assist in the investigation by failing to preserve the accident scene and by tampering with the evidence related to the collision, and by giving false and incomplete information about the accident to other investigating officers.

34. As a direct and proximate result of the negligence and/or gross negligence of Defendant Buddemeyer, as aforesaid, Mr. Surnow experienced extreme pain and suffering, terror, anguish, and grief prior to his death.

35.    The negligence and/or gross negligence of Defendant Buddemeyer directly and proximately caused Mr. Surnow's wrongful death.

36.    As a direct and proximate result of the negligent and/or grossly negligent conduct of Defendant Buddemeyer, Plaintiff Elaine Surnow, as the Personal Representative of the Estate of Jeffrey Surnow, is entitled to recover economic and noneconomic damages resulting from Mr. Surnow's injury and wrongful death, including but not limited to damages for pecuniary injury (including past medical and burial expenses, and loss of earnings), pain and suffering, emotional distress, terror and mental anguish, loss of enjoyment of life, loss of consortium, and all other nonpecuniary losses.

37.    As a direct and proximate result of the negligent and/or grossly negligent conduct of Defendant Buddemeyer, Plaintiffs Elaine Surnow (in her individual capacity), Max Surnow, Sam Surnow, and Lisa Surnow suffered pecuniary injury, extreme emotional distress, and a loss of Mr. Surnow's love, affection, society, companionship, comfort, consortium, advice, counsel, and/or protection, for which they are each entitled to recover economic and noneconomic damages.

38.    As a direct and proximate result of the negligent and/or grossly negligent conduct of Defendant Buddemeyer, as aforesaid, Plaintiffs are entitled to recover special, general and punitive damages in amounts to be shown at trial.

## SECOND CLAIM FOR RELIEF
## <u>NEGLIGENCE AND WRONGFUL DEATH</u>
(Defendant THE COUNTY OF HAWAII)

39.  Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 38 above, as though fully set forth herein.

40.  Defendants County of Hawaii and County of Hawaii Police Department had a duty to exercise reasonable care in hiring, training, and/or supervising Defendant Buddemeyer.

41.  On information and belief, Defendant Buddemeyer fell asleep while operating his patrol vehicle on the morning of March 1, 2015, causing his vehicle to collide into Mr. Surnow's bicycle, as aforesaid.

42.  Defendants County of Hawaii and County of Hawaii Police Department had a duty to exercise reasonable care in managing the shift schedules and the hours worked by Hawaii County police officers to ensure that police officers on patrol were not overly tired and at risk of falling asleep while on duty.

43.  Defendants County of Hawaii and County of Hawaii Police Department breached their duties of reasonable care by requiring police officers, including Defendant Buddemeyer, to adhere to unreasonable work schedules.

44.  The negligent breach by Defendants County of Hawaii and County of Hawaii Police Department of their duties of reasonable care, as aforesaid, was a substantial factor in causing the collision that injured and killed Mr. Surnow.

11

45.     As a direct and proximate result of the negligence of Defendants County of Hawaii and County of Hawaii Police Department, Mr. Surnow experienced extreme pain and suffering, terror and anguish, prior to his wrongful death.

46.     As a direct and proximate result of the negligent conduct of Defendants  County of Hawaii and County of Hawaii Police Department, Plaintiff Elaine Surnow, as the Personal Representative of the Estate of Jeffrey Surnow, is entitled to recover economic and noneconomic damages resulting from Mr. Surnow's injury and wrongful death, including but not limited to damages for pecuniary injury (including past medical and burial expenses, and loss of earnings), pain and suffering, emotional distress, terror and mental anguish, loss of enjoyment of life, loss of consortium, and all other nonpecuniary losses.

47.     As a direct and proximate result of the negligent conduct of Defendants County of Hawaii and County of Hawaii Police Department, Plaintiffs Elaine Surnow (in her individual capacity), Max Surnow, Sam Surnow, and Lisa Surnow suffered pecuniary injury, extreme emotional distress, and a loss of Mr. Surnow's love, affection, society, companionship, comfort, consortium, advice, counsel, and/or protection, for which they are each entitled to recover economic and noneconomic damages.

48.   As a direct and proximate result of the negligent conduct of Defendants County of Hawaii and County of Hawaii Police Department, as aforesaid, Plaintiffs are entitled to recover special and general damages in amounts to be shown at trial.

## THIRD CLAIM FOR RELIEF
## VICARIOUS AND/OR *RESPONDEAT SUPERIOR* LIABILITY

49.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 48 above, as though fully set forth herein.

50.   At all relevant times, Defendant Buddemeyer was acting within the course and scope of his employment with Defendant County of Hawaii Police Department.

51.   Defendants County of Hawaii and County of Hawaii Police Department are vicariously liable for the negligence of Defendant Buddemeyer, including under the doctrine of *respondeat superior*.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 51 above, as though fully set forth herein.

53.   The negligence and/or gross negligence of Defendants, as aforesaid, directly and proximately caused Plaintiffs to suffer severe and devastating emotional distress.  Defendants therefore are liable to Plaintiffs, and each of them, for general damages in amounts to be shown at trial.

## FIFTH CLAIM FOR RELIEF
## DERIVATIVE CLAIMS

54.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 above, as though fully set forth herein.

55.   As a direct and proximate result of the negligent and/or grossly negligent conduct of Defendants, as aforesaid, Plaintiffs Elaine Surnow (in her individual capacity), Max Surnow, Sam Surnow, and Lisa Surnow suffered pecuniary injury, extreme emotional distress, and a loss of Mr. Surnow's love, affection, society, companionship, comfort, consortium, advice, counsel, and/or protection, for which they are each entitled to recover economic and noneconomic damages in amounts to be shown at trial.

## SIXTH CLAIM FOR RELIEF
## PUNITIVE DAMAGES
(All Defendants)

56.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 55 above, as though fully set forth herein.

57.    The conduct of Defendant Buddemeyer and Defendant County of Hawaii and County of Hawaii Police Department, as alleged herein, was willful, wanton, and/or intentional, and in conscious disregard for the rights of Mr. Surnow and Plaintiffs, thus entitling Plaintiffs to an assessment of punitive damages against all Defendants in an amount to be shown at trial.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendants, jointly and severally, for such special, general and punitive damages as to which Plaintiffs each shall be entitled, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such additional relief as the Court deems just and proper under the circumstances.

DATED:  Honolulu, Hawai`i, January 26, 2017.

MARK S. DAVIS
MICHAEL K. LIVINGSTON
THOMAS OTAKE
LORETTA A. SHEEHAN
CLARE E. CONNORS
MATHEW WINTER

Attorneys for Plaintiffs