IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELAINE SURNOW, individually and as personal representative of the ESTATE OF JEFFREY SURNOW, deceased; MAX SURNOW; SAM SURNOW; and LISA SURNOW<br><br>Plaintiffs,<br><br>vs.<br><br>JODY BUDDEMEYER; COUNTY OF HAWAII; and COUNTY OF HAWAII POLICE DEPARTMENT,<br><br>Defendants. | CIV. NO. 17-00038 JMS-RT<br><br>ORDER: (1) DENYING DEFENDANT BUDDEMEYER'S MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF NO. 94, AND RELATED JOINDER, ECF NO. 165; (2) GRANTING DEFENDANT COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 98; AND (3) GRANTING DEFENDANT COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 99 |

**ORDER: (1) DENYING DEFENDANT BUDDEMEYER'S MOTION FOR PARTIAL SUMMARY JUDGMENT, ECF NO. 94, AND RELATED JOINDER, ECF NO. 165; (2) GRANTING DEFENDANT COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 98; AND (3) GRANTING DEFENDANT COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS, ECF NO. 99**

## I. INTRODUCTION

On January 26, 2017, Plaintiff Elaine Surnow, individually and as

personal representative of the estate of Jeffrey Surnow, deceased, Max Surnow,

Sam Surnow, and Lisa Surnow (collectively, "Plaintiffs") filed a Complaint

alleging claims arising from the death of Jeffrey Surnow against Defendants Jody

Buddemeyer ("Buddemeyer"), the County of Hawaii, and the County of Hawaii Police Department[1] (collectively, "Defendants").  ECF No. 1.

Currently before the court are: (1) Buddemeyer's Motion for Partial Summary Judgment on Plaintiffs' Claim for Punitive Damages, ECF No. 94; (2) the County's Simple Joinder to Buddemeyer's Motion for Partial Summary Judgment, ECF No. 165; (3) the County's Motion for Judgment on the Pleadings Regarding Punitive Damages, ECF No. 98; and (4) the County's Motion for Judgment on the Pleadings Regarding County Departments, ECF No. 99 (collectively, "Motions").  Based on the following, the court DENIES Buddemeyer's Motion for Partial Summary Judgment and the County's Simple Joinder; and GRANTS the County's Motions for Judgment on the Pleadings.

## II.  **BACKGROUND**

### A.    **Factual Background[2]**

On the morning of March 1, 2015, Jeffrey Surnow was riding his bicycle on Waikoloa Road in the County of Hawaii.  Buddemeyer's Concise Statement of Facts ("CSF"), ECF No. 95 at PageID #413-14.  At approximately

---

[1]  The County of Hawaii and the County of Hawaii Police Department will be referenced collectively as "the County."

[2]  Any facts cited to in this background are not meaningfully contested by the parties. Some facts in Plaintiffs' Concise Statement of Facts ("CSF"), ECF No. 103, were not admitted by Buddemeyer, but Buddemeyer did not present any evidence to contest the facts.  *See, e.g.*, Pls.' CSF ¶ 9, ECF No. 103; Buddemeyer's CSF, ECF No. 151 at PageID #1146.

6:18 a.m., Buddemeyer, a Hawaii County Police Officer, struck the bicycle from behind with his police vehicle, causing fatal injuries to Jeffrey Surnow. Pls.' CSF ¶¶ 7, 9, ECF No. 103. In his criminal trial, Buddemeyer testified that he did not remember what happened before the moment of impact during the accident. Pls.' CSF ¶ 19, ECF No. 101; Buddemeyer's CSF, ECF No. 95 at PageID #414. Prior to the accident, Buddemeyer was required to work a "double-back shift," which involved a shift from 6:45 a.m. to 3:30 p.m., followed by a 7-plus-hour break, then followed by a second shift from 10:45 p.m. until 7:30 a.m. the next morning. Pls.' CSF ¶ 8, ECF No. 103. Buddemeyer did not rest between the two shifts. *Id.*

On October 12, 2018, Buddemeyer was convicted, following a jury trial, of Negligent Homicide in the Third Degree in violation of Haw. Rev. Stat. § 707-704. Judgment (November 30, 2018), Ex. 9 to Pls.' CSF, ECF No. 156-11. The conviction is currently on appeal. Pls.' CSF ¶ 22, ECF No. 101.

**B.    Procedural History**

Plaintiffs filed their Complaint on January 26, 2017 alleging the following claims for relief: (1) negligence, gross negligence, and wrongful death against Buddemeyer; (2) negligence and wrongful death against the County; (3) vicarious and/or respondeat superior liability against all Defendants; (4) negligent infliction of emotional distress against all Defendants; (5) derivative

claims against all Defendants; and (6) punitive damages against all Defendants. ECF No. 1.

On February 6, 2019, Buddemeyer filed his Motion for Partial Summary Judgment on Plaintiffs' Claim for Punitive Damages, ECF Nos. 94, 95. On April 15, 2019, Plaintiffs filed their Opposition, ECF Nos. 157, 158. On the same day, the County filed a Simple Joinder to Buddemeyer's Motion for Partial Summary Judgment. ECF No. 165. On April 22, 2019, Buddemeyer filed his Reply. ECF No. 177.

On February 6, 2019, the County filed its Motion for Judgment on the Pleadings Regarding Punitive Damages. ECF No. 98. On April 15, 2019, Buddemeyer filed a Statement of No Position. ECF No. 153. That same day, Plaintiffs filed their Opposition. ECF No. 159. On April 22, 2019, the County filed its Reply. ECF No. 175.

On February 6, 2019, the County filed its Motion for Judgment on the Pleadings Regarding County Departments. ECF No. 99. On April 15, 2019, Buddemeyer filed a Statement of No Position. ECF No. 152. On the same day, Plaintiffs filed a Statement of No Opposition. ECF No. 160. On April 22, 2019, Buddemeyer filed his Reply. ECF No. 176.

A hearing was held on the Motions on May 6, 2019.

### III.  STANDARDS OF REVIEW

**A.**     **Summary Judgment**

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

The moving party "bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323).  "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation marks omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016).

**B.    Judgment on the Pleadings**

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a means to challenge the sufficiency of the complaint after an answer has been filed." *Rohm v. Homer*, 367 F. Supp. 2d 1278, 1281 (N.D. Cal. 2005) (quotation marks and citation omitted). A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). Because the issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief — the same standard applies to both. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & n.4 (9th Cir. 2011); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188,

6

1192 (9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of filing but are otherwise "functionally identical," and applying the same standard of review).

A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to

infer "the mere possibility of misconduct" do not show that the pleader is entitled

to relief. *Id.* at 679.

A motion for judgment on the pleadings is properly granted when

there are no disputed issues of material fact, and the moving party is entitled to

judgment as a matter of law. *See Ventress v. Japan Airlines*, 603 F.3d 676, 681

(9th Cir. 2010) (citation omitted). Judgment on the pleadings is not appropriate if

the court considers matters outside of the pleadings; in such cases, the motion must

be converted to a Rule 56 motion for summary judgment, and the non-moving

party must be granted an opportunity to respond. *See Hal Roach Studios, Inc. v.*

*Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court may,

however, "consider certain materials — documents attached to the complaint,

documents incorporated by reference in the complaint, or matters of judicial notice

— without converting the motion . . . into a motion for summary judgment."

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. <u>DISCUSSION</u>

### A. Buddemeyer's Motion for Partial Summary Judgment Regarding Punitive Damages

Buddemeyer moves for partial summary judgment on Plaintiffs' claim

for punitive damages against Buddemeyer, arguing that Plaintiffs have provided

insufficient evidence "of willful, wanton, and/or intentional conduct in conscious

disregard for the rights of Plaintiffs." ECF No. 94 at PageID #391. The court

disagrees — construing the evidence in the light most favorable to the Plaintiffs,

there is a genuine issue of material fact as to punitive damages.

> In Hawaii,
>
> [p]unitive or exemplary damages are generally defined as those damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future. . . .
>
> . . . .
>
> In determining whether an award of punitive damages is appropriate, the inquiry focuses primarily upon the defendant's mental state, and to a lesser degree, the nature of his conduct. In the case of most torts, ill will, evil motive, or consciousness of wrongdoing on the part of the tort-feasor are not necessary to render his conduct actionable. In a negligence action, for example, the defendant may be required to make compensation if it is shown that he failed to comply with the standard of care which would be exercised by an ordinary prudent person, no matter how innocent of desire to harm. In contrast, to justify an award of punitive damages, a positive element of conscious wrongdoing is always required. Thus, punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment. . . .
>
> . . . .
>
> While an award of compensatory damages may be sufficient when injury has resulted from well-intentioned, but poorly advised behavior, when the defendant's conduct can be characterized as malicious, oppressive, or otherwise outrageous, a stronger sanction is needed. Imposing punitive damages effectively expresses to the defendant that such conduct will not be tolerated.

*Masaki v. Gen. Motors Corp.*, 71 Haw. 1, 6-9, 780 P.2d 566, 570-71 (1989)

(citations and internal editorial marks omitted). And to be awarded punitive

damages,

> [t]he plaintiff must prove by clear and convincing
> evidence that the defendant has acted wantonly or
> oppressively or with such malice as implies a spirit of
> mischief or criminal indifference to civil obligations, or
> where there has been some wilful misconduct or that
> entire want of care which would raise the presumption of
> a conscious indifference to consequences.

*Id.* at 16-17, 178 P.2d at 575 (citation omitted); *see also Ass'n of Apartment*

*Owners of Newtown Meadows v. Venture 15, Inc.*, 115 Haw. 232, 297, 167 P.3d

225, 290 (2007); *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 420, 992 P.2d

93, 115 (2000); *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 138,

839 P.2d 10, 37 (1992).[3]

    "The standard for punitive damages encompasses gross negligence,

which is the 'entire want of care [raising] the presumption of indifference to

consequences.'" *Durham v. Cty. of Maui*, 692 F. Supp. 2d 1256, 1262 (D. Haw.

2010) (quoting *Mullaney v. Hilton Hotels Corp.*, 634 F. Supp. 2d 1130, 1154 (D.

---

[3] Buddemeyer's suggestion that Plaintiffs must present clear and convincing evidence of willful or wanton conduct at the summary judgment stage is wrong. *See* ECF No. 94 at PageID #391; ECF No. 94-1 at PageID # 402. To defeat summary judgment, Plaintiffs need only show that there is a genuine issue of material fact as to whether Plaintiffs can show by clear and convincing evidence that Buddemeyer's conduct was willful or wanton. *See* Fed. R. Civ. P. 56(c); *Durham v. Cty. of Maui*, 692 F. Supp. 2d 1256, 1264 (D. Haw. 2010).

Haw. 2009)); *see also Ditto v. McCurdy*, 86 Haw. 84, 92, 947 P.2d 952, 960 (1997) ("Turning next to the jury's assessment of punitive damages, . . . we determine that there was, indeed, an abundance of clear and convincing evidence upon which the jury could rely to find that [defendant physician's] care of [plaintiff], from the outset, was grossly negligent and therefore reckless and consciously indifferent to the consequences that could arise." (citation omitted)).

Plaintiffs present evidence that Buddemeyer had been awake for at least 24 hours when his vehicle hit Jeffrey Surnow. Pls.' CSF ¶ 2, ECF No. 158. Buddemeyer was required to work a "double back shift" and had previously complained to his supervisors about the requirement. *Id.* ¶¶ 2, 3. The "double back" shift is where at the end of the month, officers switch from the day shift to the overnight shift for the next month. *Id.* ¶ 9. That meant that Buddemeyer worked his first shift from 6:45 a.m. to 3:30 p.m. and then was required to report back at 10:45 p.m. for his second shift. *Id.* ¶¶ 8, 9. Buddemeyer's second shift lasted until 7:30 a.m. the next morning. John Gandolf, Jr. ("Gandolf") Dep. at 15:16-19, ECF No. 158-4 at PageID #1432. Buddemeyer testified that he had "problems with that double back for years," and that "generally on a double back you're always tired." Tr. 10/11/18 at 74:20-21, 83:20-21, ECF No. 158-3 at PageID #1426-27; Pls.' Additional Material Facts ("AMF") ¶ 5, ECF No. 158 at PageID #1399. Gandolf, who worked with Buddemeyer, testified that

11

Buddemeyer told him that he thought he might have fallen asleep before the

accident. Pls.' AMF ¶ 7, ECF No. 158 at PageID #1399-1400.[4]

Buddemeyer chose not to go home or even rest during the 7 hours

and 15 minutes between his first shift and his second shift, and instead worked and

"ke[pt] busy" during that time. *Id.* ¶¶ 2, 11. Buddemeyer testified that he did not

sleep during the 7-hour-plus break between his shifts because "I don't have time to

drive home and rest and come back during that time, so I don't -- I don't go home

during those double backs." Tr. 10/11/18 at 60:21-61:4, ECF No. 158-3 at PageID

#1423-24. Buddemeyer also testified that he lived an hour-and-a-half to two hours

away from the police station. Tr. 10/11/18 at 11:4-10, ECF No. 95-3 at PageID

#449. Buddemeyer described the work he did between the two shifts:

> Q:  Now, why did you work doing the federal grant,
>      that speed grant, why did you do that?
> A:  It's best to keep ourselves busy during those times,
>      because you're not tired at 3:30, 4:00 in the
>      afternoon after you've worked the day shift all
>      month, so it makes sense and the best use of my
>      time is to try to continue doing work, because I
>      can't patrol or stay with the watch officers at that
>      time. So the grants are available for us to continue
>      working and keep busy.

---

[4] Buddemeyer argues that Gandolf's statements constitute inadmissible hearsay. ECF No. 177 at PageID #1807. If Gandolf is called to testify about Buddemeyer's statement, that testimony would not be hearsay because it is an opposing party's statement. Fed. R. Civ. P. 801(d)(2). And at the summary judgment stage, the court does not focus on the admissibility of the evidence's form, but instead focuses on the admissibility of its content. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

Tr. 10/11/18 at 61:11-20, ECF No. 158-3 at PageID #1424.

Generally, courts have found that falling asleep while driving, without more, is insufficient for punitive damages.[5] *See Burke v. Maassen*, 904 F.2d 178, 183 (3rd Cir. 1990); *Ancar v. Brown*, 2013 WL 5503682, at *2 (S.D. Miss. Oct. 2, 2013) (collecting cases); *Bachrach v. Covenant Transp. Inc.*, 2011 WL 1211767, at *2 n.1 (D. Ariz. Mar. 31, 2011) (collecting cases); *Sipler v. Trans Am Trucking, Inc.*, 2010 WL 4929393 at *4 (D.N.J. Nov. 10, 2010); *Batts v. Crete Carrier Corp.*, 2009 WL 6842545, at *2 (N.D. Ga. Dec.14, 2009)*; Turner v. Werner Enters., Inc.*, 442 F. Supp. 2d 384, 386-87 (E.D. Ky. 2006); *Briner v. Hyslop*, 337 N.W.2d 858, 868 (Iowa 1983) ("The act of falling asleep generally would not constitute conduct that would allow punitive damages.").

But several courts have allowed punitive damages where other aggravating factors were present. *See Ancar,* 2013 WL 5503682, at *2 (collecting cases). For example, *Briner* upheld a punitive damage award because the driver was intoxicated, drove for an excessive length of time (over 30 hours with less than one hour of sleep) and used stimulants, "indicating that the driver knew of his condition and persisted in driving despite the danger." 337 N.W.2d at 860, 868.

---

[5] In some of these cases, the standard for punitive damages is higher than the gross negligence required under Hawaii law.

And *Came v. Micou*, 2005 WL 1500978 (M.D. Pa. June 23, 2005), denied

summary judgment on a punitive damages claim because

> a reasonable jury could conclude that: logging more than
> seventy hours during an eight-day period; operating the
> Decker rig when he was too tired to do so safely as
> evidenced by [defendant's] initial statement on a
> company accident form that he "momentary [sic] blanked
> out," his inability to make a decision relative to taking
> steps to avoid colliding with a slower moving vehicle
> traveling ahead of his vehicle, his inability to perceive
> the passage of time from the point when he realized the
> vehicle ahead was moving slowly to when he collided
> with the rear of it, and his failure to disengage the cruise
> control on a vehicle with which he was familiar;
> combined with falsifying his logs, all in violation of
> Department of Transportation safety regulations
> constitutes "reckless indifference to the rights of others."

*Id.* at *5 (citations omitted). *Came* distinguished *Burke* (which denied punitive

damages) because in *Burke* "the plaintiff had failed to establish that the driver

consciously appreciated the risk he had created." 2005 WL 1500978, at *6

(citation omitted). *Came* reasoned that *Burke* "considered it crucial that the record

was critically deficient of evidence showing that the driver consciously appreciated

the risk of fatigue and the potential for fatal accidents that accompanies driving for

more than ten hours." *Id.* (citation omitted).

Plaintiffs present evidence of aggravating circumstances beyond

Buddemeyer simply falling asleep that are sufficient to raise a genuine issue of

material fact. Plaintiffs present evidence showing that Buddemeyer knew that he

14

would be extremely tired during his second shift and that he chose to work instead

of resting during the over 7 hours between his shifts.  This type of behavior could

indicate an "entire want of care which would raise the presumption of a conscious

indifference to consequences," thus triggering punitive damages.  *Masaki*, 71 Haw.

at 11, 178 P.2d at 572 (citation and quotation marks omitted).

**B.     The County's Motion for Judgment on the Pleadings Regarding
        Punitive Damages**

The County moves for an order finding that the County is not subject

to punitive damages because under Hawaii law, plaintiffs cannot be awarded

punitive damages against municipalities.  ECF No. 98-1 at PageID #607-08.  The

court agrees.  The Hawaii Supreme Court held that "[p]ublic policy dictates the

conclusion that the City [and County of Honolulu], as a municipal corporation,

should not be held liable for punitive damages."  *Lauer v. Young Men's Christian*

*Ass'n of Honolulu*, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976); *see also Eager*

*v. Honolulu Police Dep't*, 2016 WL 471282, at *6 (D. Haw. Feb. 4, 2016).

Plaintiffs argue that this case is distinguishable because "double backs" were a

County policy and that "there is no general rule that punitive damages are never

available for the direct acts of the municipality itself."  ECF No. 159 at PageID

#1445, 1449.  But *Lauer* and other cases do not make such a distinction, and

Plaintiffs conceded at the hearing that no case law supports their argument.

Further, adopting Plaintiffs' arguments would run counter to the express intentions of *Lauer* — that "innocent taxpayers, the intended beneficiary from the public example which the punishment makes of the wrongdoer, should not be made to suffer." *Lauer*, 57 Haw. at 402, 557 P.2d at 1342. Accordingly, the Motion is GRANTED, and the claim against the County for punitive damages is DISMISSED with prejudice.

## C.    The County's Motion for Judgment on the Pleadings Regarding County Departments

The County moves for an order finding that the County of Hawaii and its police department are a single legal entity and dismissing with prejudice Defendant County of Hawaii Police Department, arguing that the police department is a department of the County of Hawaii. ECF No. 99 at PageID #635; ECF No. 99-1 at PageID #643. Plaintiffs do not oppose the motion. ECF No. 160. The court agrees with the County. This court and others have found that counties and their respective departments are not separate legal entities for the purposes of municipal liability. *See Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29, 2016); *Stephens v. Cty. of Hawaii Police Dep't*, 2012 WL 1155204, at *6 (D. Haw. Apr. 5, 2012); *Coconut Beach Dev. LLC v. Baptiste*, 2008 WL 1867933, at *2 (D. Haw. Apr. 28, 2008); *City & Cnty. of Honolulu v. Toyama*, 61 Haw. 156, 161, 598 P.2d 168, 172, (Haw. 1979). Accordingly, the Motion is

GRANTED, and all claims against the County of Hawaii Police Department as a separate entity are DISMISSED with prejudice.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Buddemeyer's Motion for Partial Summary Judgment, ECF No. 94, and the County's Simple Joinder, ECF No. 165; GRANTS the County's Motion for Judgment on the Pleadings Regarding Punitive Damages, ECF No. 98; and GRANTS the County's Motion for Judgment on the Pleadings Regarding County Departments, ECF No. 99.  The court DISMISSES WITH PREJUDICE: (1) all claims against the County of Hawaii Police Department as a separate entity; and (2) the claim against the County for punitive damages.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 14, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Surnow, et al. v. Buddemeyer, et al.*, Civ No. 17-00038 JMS-RT, Order: (1) Denying Defendant Buddemeyer's Motion for Partial Summary Judgment, ECF No. 94, and Related Joinder, ECF No. 165; (2) Granting Defendant County's Motion for Judgment on the Pleadings, ECF No. 98; and (3) Granting Defendant County's Motion for Judgment on the Pleadings, ECF No. 99