IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELAINE SURNOW, individually and as personal representative of the ESTATE OF JEFFREY SURNOW, deceased; MAX SURNOW; SAM SURNOW; and LISA SURNOW<br><br>Plaintiffs,<br><br>vs.<br><br>JODY BUDDEMEYER; COUNTY OF HAWAII; and COUNTY OF HAWAII POLICE DEPARTMENT,<br><br>Defendants. | CIV. NO. 17-00038 JMS-RT<br><br>ORDER DENYING DEFENDANT COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING NOTICE REQUIREMENTS AND STATUTE OF LIMITATIONS, ECF NO. 96, AND DENYING DEFENDANT BUDDEMEYER'S SUBSTANTIVE JOINDER, ECF NO. 105 |

**ORDER DENYING DEFENDANT COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING NOTICE REQUIREMENTS AND STATUTE OF LIMITATIONS, ECF NO. 96, AND DENYING DEFENDANT BUDDEMEYER'S SUBSTANTIVE JOINDER, ECF NO. 105**

## I. INTRODUCTION

The issue before the Court is whether Plaintiffs provided sufficient written notice of their injuries to Defendants County of Hawaii and the County of Hawaii Police Department (collectively, "the County") pursuant to Hawaii Revised Statutes ("HRS") § 46-72 and Hawaii County Charter § 13-18.

Because the Court finds that the Plaintiffs provided sufficient written notice, the County's Motion for Partial Summary Judgment Regarding Notice

Requirements and Statute of Limitations is DENIED. Defendant Jody Buddemeyer's ("Buddemeyer") Substantive Joinder is also DENIED.[1]

## II. BACKGROUND

**A.  Factual Background**

On the morning of March 1, 2015, Jeffrey Surnow ("Surnow") was riding his bicycle on Waikoloa Road in the County of Hawaii. Complaint ¶¶ 11, 13, ECF No. 1. At approximately 6:18 a.m., Buddemeyer, a Hawaii County Police Officer, was driving his police vehicle and struck Surnow's bicycle from behind, causing the Surnow to be thrown from his bicycle. *Id.* at ¶¶ 12, 15. Surnow was transported to Kona Community Hospital where he died several hours later. *Id.* at ¶ 21.

On March 11, 2015, ten days after the incident, Plaintiffs' counsel, Mark S. Davis, Esq., sent a letter by certified mail to Captain Randall Medeiros of the Hawaii County Police Department and to Molly A. Stebbins, Esq. of the Hawaii County Office of the Corporation Counsel. March 11, 2015 Letter, attached as Ex. B to Defs.' Motion for Partial Summ. J., ECF No. 97-4. The letter informed the County's legal representative that Surnow's family had retained counsel as a result of the accident that killed Surnow. *Id.* The letter informed the

---

[1] The County and Buddemeyer are referred to collectively as "Defendants."

County of the specific time of the accident, the general location and circumstances of the accident, and that Surnow was riding his bicycle when he was struck by Officer Buddemeyer's vehicle. *Id*. Finally, the letter requested that all investigative materials into the accident be preserved for inspection by the family's attorneys and representatives. *Id.*

On the same date, March 11, 2015, the County filed an Automobile Loss Notice with its insurance carrier, First Fire and Casualty Insurance of Hawaii, Inc., informing it of the fatal accident. Automobile Loss Notice (March 11, 2015), Ex. 3 to Pls.' CSF, ECF No. 156-5.

Plaintiffs' counsel continued to communicate with County officials about the accident following Plaintiffs' March 11, 2015 Letter. Declaration of Mark S. Davis ("Davis Decl.") at ¶¶ 7, 11-24, ECF No. 156-2; Declaration of Thomas M. Otake ("Otake Decl.") at ¶¶ 7-9, ECF No. 156-1. The communications included requests from County officials for information and evidence from the Plaintiffs, assistance in the criminal investigation against Buddemeyer, and requests for Plaintiffs to testify at the criminal proceedings against Buddemeyer. Davis Decl. at ¶¶ 27-29, ECF No. 156-2; Otake Decl. at ¶¶ 4-6, ECF No. 156-1.

Plaintiffs' counsel sent another letter, dated July 7, 2015, to the Hawaii County Police Department requesting police reports and other investigative

information from the County.  Letter from Mark S. Davis to Chief Harry Kubojiri, (July 7, 2015), Ex. 5 to Pls.' CSF, ECF No. 156-7.

Buddemeyer was criminally prosecuted for causing Surnow's death. On October 12, 2018, Buddemeyer was convicted, following a jury trial, of Negligent Homicide in the Third Degree in violation of HRS § 707-704.  Judgment (November 30, 2018), Ex. 9 to Pls.' CSF, ECF No. 156-11.

**B.    Procedural Background**

On January 26, 2017, Plaintiffs filed their Complaint, including claims for negligence and wrongful death, against Buddemeyer and the County.  ECF No. 1.

On February 6, 2019, the County filed its Motion for Partial Summary Judgment Regarding Notice Requirements and Statute of Limitations.  ECF No. 96.  On February 13, 2019, Buddemeyer filed his Substantive Joinder to the County's Motion for Partial Summary Judgment.  ECF No. 105.  On April 15, 2019, Plaintiffs filed their Opposition.  ECF No. 155.  On April 22, 2019, Defendants filed their Replies.  ECF Nos. 174, 178.

A hearing was held on May 6, 2019.

///

///

## III. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

The moving party "bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation marks omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016).

## IV. **DISCUSSION**

Defendants seek summary judgment on the basis that Plaintiffs did not strictly comply with the written notice requirements set forth in HRS § 46-72 and Hawaii County Charter § 13-18. Because the court finds that Plaintiffs sufficiently complied with those written notice requirements, Defendants' Motions are DENIED.

**A.  Hawaii Revised Statutes Section 46-72 and Hawaii County Charter Section 13-18**

The Hawaii Revised Statutes and the Hawaii County Charter require written notice to be provided to the County before an individual may recover for any personal injuries. The written notice must be provided within two years after the injuries accrued.

6

Hawaii Revised Statutes § 46-72 provides:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Hawaii County Charter § 13-18 provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount claimed therefor shall have been filed with the county clerk within two years after the date the injury was sustained.

"The provisions of §13-18 of the Hawaii Charter do not differ in any important substantive degree from the provisions of HRS § 46-72." *Oakley v. State*, 54 Haw. 210, 214, 505 P.2d 1182, 1185 (1973). The provisions are to be read together and cannot be read in isolation. *Springer v. Hunt*, 2018 WL 846909, at *8 (D. Haw. Feb. 13, 2018).

The notice requirements function as a "statute of limitations" to limit the time for which a person or an estate may bring claims for injuries or wrongful death against a county. *Silva v. City & Cty. of Honolulu*, 115 Haw. 1, 8, 165 P.3d 247, 254 (2007). The purpose of the notice requirements is to timely inform municipal authorities of the details of a personal injury claim in order to aid an investigation and to "guard the municipality against fraudulent and unfounded claims." *Oakley*, 54 Haw. at 216, 505 P.2d at 1186.

**B.     The Written Notice Requirements Are Liberally Construed**

The County argues that the written notice provisions should be strictly construed against the Plaintiffs. But, the Hawaii Supreme Court has directly addressed this issue and determined that "a liberal construction" of the written notice provisions found in HRS § 46-72 and Hawaii County Charter § 13-18 is "necessary and appropriate." *Oakley*, 54 Haw. at 216, 505 P.2d at 1186.

In *Oakley*, the plaintiff sent a letter to Hawaii County stating that he was injured in a motor vehicle accident on the County's highway as a result of the County's negligent maintenance and construction of the highway. *Id.* at 212, 505 P.2d at 1184. He specified the nature of his injuries, the amount of damages he sought, and the injuries and damages sought on behalf of his wife and children due to his incapacitation. *Id.*

8

The trial court dismissed the action for failure to strictly comply with the written notice requirements set forth in HRS § 46-72 and Hawaii County Charter § 13-18. Specifically, the trial court found that the plaintiffs' written notice was insufficient because it did not specify the exact location of the accident and instead only referred to the accident as having occurred "upon the County highway." *Id.* at 212, 505 P.2d at 1184.

On appeal, the Hawaii Supreme Court reversed and remanded for trial. The Court found that compliance with the written notice requirements set forth in HRS § 46-72 and Hawaii County Charter § 13-18 must be liberally, not strictly and technically, construed:

> We believe that in order to do justice and resolve controversies on their merits, a liberal construction of the statute is necessary and appropriate and, specifically in this case, the statutory requirement of "stating fully in such notice, when, where, and how the injuries occurred."
>
> We believe that the basic purpose of the statutory requirement of filing a written notice of claim in the time specified, "before the county shall be liable for damages to any person" (as in HRS § 46-72) or that "no action shall be maintained for the recovery of damages for injury to any person" (as in § 13-18 of the Hawaii County Charter) is to inform the municipal authorities "when, where and how the injuries occurred, the extent thereof and the amount claimed therefor" to guard the municipality against fraudulent and unfounded claims and so that an investigation, while the facts are fresh and conditions remain substantially the same, can be made by

9

> the municipal officials as to the time, place and the conditions of the premises in order to make a decision as to whether the case may be settled or tried.

*Id.* at 216, 505 P.2d at 1186. The Court further explained that "the issue is not a question of non-compliance but a question of sufficiency of compliance under all the circumstances of the case." *Id.* at 217, 505 P.2d at 1186. Further, the test to determine deficiency is prejudice-based — the court asks "whether the municipal officials have been misled to their prejudice, under all the circumstances of the case, by the written notice of claim filed. If they have not been misled and prejudiced then the written notice of claim complies sufficiently with the requirements of the statute." *Id.*

**C.     Plaintiffs' March 11, 2015 Letter Provided Sufficient Written Notice**

On March 11, 2015, ten days after Surnow's death, Plaintiffs' counsel, Mark S. Davis, Esq., sent a letter by certified mail to Captain Randall Medeiros of the Hawaii County Police Department and to Molly A. Stebbins, Esq., of the Hawaii County Office of Corporation Counsel. March 11, 2015 Letter, attached as Ex. B to Defs.' Partial Motion for Summ. J., ECF No. 97-4. The letter states, as follows:

> Dear Captain Medeiros and Ms. Stebbins:
>
> I have been retained by the family of Jeffrey Surnow, who was killed in an auto crash on Waikoloa

> Road at approximately 6:25 a.m. on March 1, 2015. The purpose of this letter is to request that you preserve all of the evidence related to the accident, including the vehicle driven by Ofcr. Jody Buddemeyer as well as the bicycle that Mr. Surnow was riding. Please hold them without alteration until we have had an opportunity to have our representatives inspect both the damage to the vehicle and to the bicycle. We ask that you also preserve all original memos and documents which in any way record measurements and notes that may have been taken by any investigative officers including any police reports, measurements, photographs, emails and documents that may have in any way been exchanged between any employee of the Police Department or other employees of the City and County of Hawaiʻi. Do not erase or destroy any emails, correspondence or documents that are in any way related to this case. I would appreciate it if you would immediately take all necessary efforts to ensure that Mr. Buddemeyer does the same.
>
> As soon as the vehicles have been preserved, we will make arrangements for their inspection. If you have any questions, do not hesitate to contact me or my colleague, Matt Winter.

*Id.*

The County argues that the letter is insufficient to provide notice of an actual claim, was not "filed with the county clerk," Hawaii County Charter § 13-18, and did not specify the amount of damages sought by the Plaintiffs. None of the County's arguments has merit.

The County suffered no prejudice (and was not misled) due to any inadequacies in Plaintiffs' March 11, 2015 letter. It is undisputed that the letter

was provided by certified mail to the County's legal representative on March 11, 2015, just ten days after the accident. Certified Mail Receipt at p. 2, March 11, 2015 Letter, attached as Ex. 2 to Pls.' CSF, ECF No. 156-4. Although not technically filed with the County Clerk, the letter provided notice to appropriate County officials when it was received by the Hawaii Office of the Corporation Counsel. There is no evidence of prejudice to the County because the written letter was provided to the Office of the Corporation Counsel rather than filed with the County Clerk.

And the purpose of the March 11, 2015 letter was clear. It was provided to the County to inform it that Surnow was killed by one of its police officers while Surnow was riding his bicycle in the early morning on Waikoloa Road, and requested preservation of any investigative materials, information, or evidence in possession of the County. It was sent on letterhead of the Davis Levin Livingston law firm and signed by Attorney Davis, and gave notice to the County of Surnow's name, the specific date and time of the accident, the general location of the accident, the nature of the accident, that Surnow died, the identity of the County police officer responsible for the accident, the contact information for the Plaintiffs' representatives, and a list of information and evidence that Plaintiffs sought. Thus, the letter clearly was written, and reasonably understood to be, in

anticipation of litigation against the County. Although the March 11, 2015 letter did not ask for a specific dollar amount in damages, it is indisputable that the letter was related to the Plaintiffs' potential claims for the alleged wrongful death of Surnow. The letter provided sufficient notice to the County pursuant to HRS § 46-72 and Hawaii Charter § 13-18.[2]

The County has put forward no evidence that it was prejudiced in its ability to investigate or prepare for litigation due to any technical faults in the March 11, 2015 letter. At the hearing on May 6, 2019, the County argued that there was potential prejudice because the County would be required to set aside money in its budget for a settlement, and may have done so if the March 11, 2015 letter specified a dollar amount. The argument is unconvincing and not supported by any evidence. The County did not provide any affidavit or other admissible evidence to support its argument. The record establishes that the March 11, 2015 letter informed the County of the nature and extent of Surnow's injuries and that the County thoroughly investigated the incident after receipt of the notice. "[T]he

---

[2] The County's reliance on *Kaulia v. County of Maui*, 504 F. Supp. 2d 969, 997 (D. Haw. 2007), *Harris v. County of Hawaii*, 2017 WL 5163231, at *2 (D. Haw. Nov. 7, 2017), and *Nakamoto v. County of Hawaii*, 2018 WL 2750224, at *3-4 (D. Haw. June 7, 2018) are unpersuasive. In those cases *no* written notice whatsoever was provided to the county prior to the service of the complaints. The Hawaii Supreme Court has explained that an absolute failure to file any written notice with the county does not permit a claim to proceed and is distinguishable from cases where there is a question as to the sufficiency of the written notice. *Oakley*, 54 Haw. at 217, 505 P.2d at 1186.

13

fact that the various county officials had investigated and/or had knowledge of 'when, where and how the injuries occurred' all have relevancy." *Oakley*, 54 Haw. at 217, 505 P.2d at 1186.

In short, there was no prejudice to the County in this case. Plaintiffs have demonstrated there was significant correspondence between County officials and Plaintiffs following receipt of the March 11, 2015 letter. Not only was there a thorough investigation of the accident following the March 11, 2015 letter, but Plaintiffs assisted County officials in the investigation. County officials proceeded to file criminal charges following the investigation of the accident. Buddemeyer was tried and convicted in the Circuit Court of the Third Circuit, State of Hawaii, for Negligent Homicide in the Third Degree. *See* Judgment (November 30, 2018), Ex. 9 to Pls.' CSF, ECF No. 156-11. Buddemeyer was prosecuted by Prosecuting Attorney Mitchell D. Roth, a representative of the County. *Id*.

The County was also able to timely file for insurance coverage because of the March 11, 2015 written notice. On the same date as the letter, the County filed an Automobile Loss Notice with its insurance carrier relating to Surnow's death. Automobile Loss Notice (March 11, 2015), Ex. 3 to Pls.' CSF, ECF No. 156-5.

Because Plaintiffs' March 11, 2015 letter provided sufficient notice to the County pursuant to HRS § 46-72 and Hawaii Charter § 13-18, and the County suffered no prejudice in its ability to investigate or prepare for litigation due to any faults in the written notice, the statutory notice prerequisite has been satisfied.

**D.    The Written Notice Requirements Do Not Apply To Claims Against Individuals**

Buddemeyer filed a Substantive Joinder to the County's Motion for Partial Summary Judgment. But neither HRS § 46-72 nor Hawaii County Charter § 13-18 is applicable to him — the written notice requirements are applicable to Counties, not employees sued in their individual capacity. *Hunt*, 2018 WL 846909, at *8-9; *Annan-Yartey v. Muranaka*, 2017 WL 1243499, at *4 n.9 (D. Haw. Apr. 3, 2017). The Substantive Joinder is DENIED.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the County's Motion for Partial Summary Judgment Regarding Notice Requirements and Statute of Limitations, ECF No. 96, is DENIED. Buddemeyer's Substantive Joinder, ECF No. 105, is DENIED.

///

///

///

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2019.



  /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Surnow v. Buddemeyer, et al.*, Civ. No. 17-00038 JMS-RT, Order Denying Defendant County's Motion for Partial Summary Judgment Regarding Notice Requirements and Statute of Limitations, ECF No. 96, and Denying Defendant Buddemeyer's Substantive Joinder, ECF No. 105