IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELAINE SURNOW, individually and as personal representative of the ESTATE OF JEFFREY SURNOW, deceased; MAX SURNOW; SAM SURNOW; and LISA SURNOW<br><br>Plaintiffs,<br><br>vs.<br><br>JODY BUDDEMEYER; and COUNTY OF HAWAII,<br><br>Defendants. | CIV. NO. 17-00038 JMS-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, ECF NOS. 100, 102 |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT, ECF NOS. 100, 102

### I. INTRODUCTION

On January 26, 2017, Plaintiff Elaine Surnow, individually and as personal representative of the estate of Jeffrey Surnow, deceased, Max Surnow, Sam Surnow, and Lisa Surnow (collectively, "Plaintiffs") filed a Complaint alleging claims arising from the death of Jeffrey Surnow against Defendants Jody Buddemeyer ("Buddemeyer") and the County of Hawaii ("County") (collectively, "Defendants"). ECF No. 1.

Currently before the court are two Motions for Partial Summary Judgment filed by Plaintiffs, ECF Nos. 100 & 102 (collectively, "Motions"). Based on the following, the court GRANTS IN PART and DENIES IN PART both Motions.

## II. BACKGROUND

### A. Factual Background

On the morning of March 1, 2015, Jeffrey Surnow was riding his bicycle on Waikoloa Road in the County of Hawaii. At approximately 6:18 a.m., Buddemeyer, a Hawaii County Police Officer, struck the bicycle from behind with his police vehicle, causing fatal injuries to Jeffrey Surnow.

Based on these events, Buddemeyer was criminally charged. In his criminal trial, Buddemeyer testified that he did not remember what happened before the moment of impact during the accident. Prior to the accident, Buddemeyer was required to work a "double-back shift," which involved a shift from 6:45 a.m. to 3:30 p.m., followed by a 7-plus-hour break, then followed by a second shift from 10:45 p.m. until 7:30 a.m. the next morning. Buddemeyer did not rest between the two shifts.

On October 12, 2018, Buddemeyer was convicted, following a jury trial, of Negligent Homicide in the Third Degree in violation of Hawaii Revised Statute ("HRS") § 707-704. The conviction is currently on appeal.

**B.      Procedural History**

Plaintiffs filed their Complaint on January 26, 2017 alleging the following claims for relief: (1) negligence, gross negligence, and wrongful death against Buddemeyer; (2) negligence and wrongful death against the County; (3) vicarious and/or respondeat superior liability against all Defendants; (4) negligent infliction of emotional distress against all Defendants; (5) derivative claims against all Defendants; and (6) punitive damages against all Defendants.[1] ECF No. 1.

On February 6, 2019, Plaintiffs filed their "Motion for Partial Summary Judgment as to the Liability of Defendant County of Hawaii Based on the Doctrine of Judicial Estoppel." ECF No. 100. On April 15, 2019, Buddemeyer filed his Statement of No Position, and the County filed its Opposition. ECF Nos. 154, 161. On April 22, 2019, Plaintiffs filed their Amended Reply. ECF No. 183.

---

[1] In its May 14, 2019 Order, the court dismissed with prejudice the punitive damages claim against the County. *Surnow v. Buddemeyer*, 2019 WL 2111508, at *6 (D. Haw. May 14, 2019).

On February 6, 2019, Plaintiffs filed their "Motion for Partial Summary Judgment as to the Liability of Defendant County of Hawaii Regarding Defendant Jody Buddemeyer's Negligence." ECF No. 102. On April 15, 2019, Buddemeyer and the County filed their Oppositions, ECF Nos. 150, 163. On April 22, 2019, Plaintiffs filed their Amended Reply. ECF No. 182.

A hearing was held on the Motions on May 6, 2019.

### III. **STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

The moving party "bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under

4

Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation marks omitted).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184 (9th Cir. 2016).

## IV. <u>DISCUSSION</u>

Plaintiffs move for partial summary judgment, arguing that the County is judicially estopped[2] at trial "from denying the negligence of its

---

[2] Plaintiffs also moved for partial summary judgment on the grounds of collateral estoppel. *See generally* ECF No. 102. At the May 6, 2019 hearing, Plaintiffs withdrew this argument.

"[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). Under Hawaii

(continued . . .)

5

employee, Defendant Jody Buddemeyer." *See* ECF No. 100 at PageID #665.  In the alternative, Plaintiffs argue that they are entitled to summary judgment because there is no genuine dispute of material fact that: (1) Buddemeyer was negligent; (2) Jeffrey Surnow was not comparatively negligent; and (3) Buddemeyer was acting in the scope of his employment with the County at the time of the accident. *See* ECF No. 100-1 at PageID #668; ECF No. 102-1 at PageID #757.[3]  The court agrees with Plaintiffs in part, finding that: (1) the County is judicially estopped from arguing that Buddemeyer was not negligent; and (2) there is no genuine issue of material fact that Buddemeyer was acting within the scope of his employment.

---

(. . . continued)
law, the collateral estoppel doctrine does not bar relitigation if there is no final judgment on the merits, *Dorrance v. Lee*, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999), and there is no final judgment on the merits when an appeal is pending, *see Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (Haw. Ct. App. 1985) ("[A] judgment is final where the time to appeal has expired without an appeal being taken.") (*quoting James W. Glover, Ltd. v. Fong*, 42 Haw. 560, 574 (1958)); *see also Kawelo v. Nationstar Mortgage LLC*, 2018 WL 4354295, at *4 (D. Haw. Sept. 12, 2018); *Flores v. Barretto*, 99 Haw. 270, 279, 54 P.3d 441, 450 (2002).  The final order of Judgment of Conviction and Probation Sentence in Buddemeyer's criminal negligent homicide trial is pending appeal.  County Ex. 5, ECF No. 164-9.  Thus, collateral estoppel does not apply to the criminal judgment.

[3] In both Motions, Plaintiffs seek summary judgment concerning Buddemeyer's negligence and Jeffrey Surnow's comparative negligence.  *See* ECF No. 100-1 at PageID #668; ECF No. 102-1 at PageID #757.  One motion does not seek summary judgment regarding scope of employment but the other does.  *See generally* ECF Nos. 100; 102-1.  For the sake of efficiency, the court will not distinguish between each motion's arguments and will rule on them together.

## A. Judicial Estoppel

County prosecutors sought and obtained a conviction of Buddemeyer for Negligent Homicide in the Third Degree for the death of Jeffrey Surnow. *See* HRS § 707-704 ("A person is guilty of the offense of negligent homicide in the third degree if that person causes the death of another person by the operation of a vehicle in a manner which is simple negligence."). In the instant case, Plaintiffs move for partial summary judgment, arguing that the County is judicially estopped from either disputing Buddemeyer's negligence or asserting that Jeffrey Surnow was comparatively negligent.[4] The court agrees, but only as to Buddemeyer's negligence.[5]

"[F]ederal law governs the application of judicial estoppel in federal court." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 603 (9th Cir.

---

[4] To the extent that Plaintiffs may be arguing that the County is judicially estopped from asserting that Buddemeyer was not acting in the scope of his employment with the County, *see* ECF No. 100-1 at PageID #668, the court finds that Plaintiffs have provided no facts to support that bare assertion.

[5] As a preliminary matter, the County also argues that because the verdict and judgment entered in the criminal trial is on appeal, the doctrine of judicial estoppel does not apply. ECF No. 161 at PageID #1466. This argument is without merit because a final judgment is immaterial to judicial estoppel. *See In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) ("Adoption [by the first court] does not require a formal judgment; rather, it only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." (citation and quotation marks omitted)); *Banh v. Bank of Am., N.A.*, 2012 WL 1670211, at *2 (N.D. Cal. May 14, 2012) ("[T]he application of judicial estoppel does not turn on the issuance of a final judgment.").

7

1996); *see also Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012); *Joseph v. Renal Care Grp., Inc.*, 2015 WL 5704305, at *3 n.2 (W.D. Wash. Sept. 28, 2015).

> Judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. It is an equitable doctrine invoked not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts. . . .
>
> The Supreme Court has provided little guidance on the contours of judicial estoppel. . . . In *New Hampshire* [*v. Maine*, 532 U.S. 742 (2001)], however, the Court identified three factors that courts should consider in determining whether the doctrine is applicable in a given case: First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. In precedent that predates *New Hampshire*, we have held that the doctrine of judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court.

*Milton H. Greene Archives, Inc.*, 692 F.3d at 993-94.

### 1.     *Same Party*

The County argues that judicial estoppel does not apply because the State of Hawaii ("State"), not the County, is the party that prevailed in the prosecution of Buddemeyer for Negligent Homicide in the Third Degree. ECF No. 161 at PageID #1462-63. As explained in *Ruggles v. Yagong*, 135 Haw. 411, 353 P.3d 953 (2015):

> HRS § 28-2.5(b) (2009) delineates the investigative powers of the attorney general and county prosecuting attorneys when conducting criminal investigations. Pursuant to HRS § 28-2 (2009), the attorney general "shall be vigilant and active in detecting offenders against the laws of the State, and shall prosecute the same with diligence." HRS § 26-7 (2009) does state that "unless otherwise provided by law, [the department of the attorney general shall] prosecute cases involving violations of state laws . . . ." The phrase as "otherwise provided by law" . . . recognizes that, although the attorney general, as the chief legal officer for the State, has the ultimate responsibility for enforcing penal laws of statewide application, the public prosecutor has been delegated the primary authority and responsibility for initiating and conducting criminal prosecutions within his county jurisdiction. Thus, although the county prosecutor has been delegated primary prosecutorial duties, under Hawaiʻi County Charter § 9-3(a)(2) (2010), the duties of the prosecuting attorney for the County of Hawaiʻi include "[p]rosecut[ing] offenses against the laws of the State under the authority of the attorney general of the State."

*Id.* at 418, 353 P.3d at 960 (some citations and internal editorial marks omitted).

The parties agree that Buddemeyer was tried and convicted by prosecutors employed by the County—that is, the County "has been delegated the primary authority and responsibility for initiating and counducting criminal prosecutions within" the County. *Id.* Where the parties disagree is how this delegation of duties outlined in *Ruggles* affects judicial estoppel. The County asserts that the State Attorney General has the authority to prosecute crimes and has delegated that power to the County, and thus the County was not a party to the prosecution of Buddemeyer for purposes of judicial estoppel. *See* ECF No. 161 at Page ID #1463 (citing County's CSF ¶¶ 1-3, ECF No. 162). The County also asserts that its prosecutors have "no authority to represent the interests of the County, its officials, or its employees, related to their scope of employment in *any* civil legal proceeding," and that in contrast, the County's Corporation Counsel is the chief legal representative of County agencies. *Id.* at PageID #1464.

Plaintiffs reply that the County's argument would lead to an absurd result where the County would be immune to judicial estoppel because the entirety of the County's power is ultimately derived from the State. *See* ECF No. 180 at PageID #1845-46. Plaintiffs also argue that the County is judicially estopped because: (1) the Office of the Prosecuting Attorney is a department of the County (not the State); (2) the prosecuting attorney is paid by the County and is employed

and removed in accordance to County Charter provisions; (3) the costs of the prosecution were paid for by the County; and (4) the charging and trial strategy decisions were made by the County prosecutors. *Id.* at PageID #1846. Finally, Plaintiffs assert that the Office of the Corporation Counsel is one department within the County and that "[t]o hold that one department of the County does not speak for the rest would result in manifest injustice to those relying on the representations of County officials . . . ." *Id.* at PageID #1847.

The court agrees with Plaintiffs. Here, the authority to initiate and conduct prosecutions was within the discretion of the County, not the State. Employees of the County, not the State, exercised their discretion in determining to pursue criminal prosecution against Buddemeyer. The delegation of the power to prosecute, standing alone, does not convert a County employee into a State employee. Further, the County took on the costs of the prosecution, including employing the prosecutors as County employees. In sum, the State had no involvement with this prosecution and was in no way a decision-maker. Thus, for purposes of judicial estoppel, the County is the "party" that argued for and obtained Buddemeyer's conviction.[6]

---

[6] The County's position, if accepted, would also lead to absurd results. For example, if the County was correct (that is, if the State rather than the County is to be considered the "party"
(continued . . .)

## 2. *Success of Earlier Position*

At the May 6, 2019 hearing, the County argued that criminal and civil negligence were different for the purposes of judicial estoppel because they have different standards of proof. But this is obviously incorrect in this situation. In the criminal trial, the prosecutors proved that Buddemeyer was negligent beyond a reasonable doubt, while the civil case will apply a preponderance standard. It cannot be that because civil cases require a lesser burden of proof that the County is thus not judicially estopped.

In its Opposition, the County also argued that there can be no judicial estoppel because "[t]he purpose of the criminal trial was clearly not to establish the apportionment of fault of Decedent." ECF No. 161 at 1465-66. The court agrees. Comparative negligence is not a defense to negligent homicide[7] and thus was not

---

(. . . continued)
in Buddemeyer's criminal prosecution), then judicial estoppel would apply if, hypothetically, the State was the defendant in this civil action. According to the County's view, this would be so even though not a single State employee or decision-maker was involved in the criminal prosecution, and the underlying principles of judicial estoppel—to avoid misleading a court by a single party—would not be implicated in the least.

[7] *State v. Arena*, 46 Haw. 315, 379 P.2d 594 (1963), *overruled by Samson v. Nahulu*, 136 Haw. 415, 363 P.3d 263 (2015), held that "while contributory negligence of the person killed should be considered in determining whether the accused was culpably negligent, it is not a defense to the charge" of negligent homicide. *Id.* at 317, 379 P.2d at 598. *Arena* was later overruled by *Samson* because Hawaii replaced contributory negligence liability with comparative negligence liability, but the general principle in *Arena* still applies. Because the negligence of the victim, while relevant, is not a defense (or some other position that the fact finder can

(continued . . .)

an issue reached by the fact finder in the criminal trial—stated differently, at the criminal trial, the County did not succeed on any claim involving Jeffrey Surnow's comparative negligence.

Accordingly, the County is judicially estopped from denying the negligence of Buddemeyer; however, the County is not judicially estopped from arguing that Jeffrey Surnow was comparatively negligent.[8]

## B. Other Summary Judgment Arguments

Plaintiffs argue that they are entitled to summary judgment because there is no genuine dispute of material fact that: (1) Buddemeyer was acting within the scope of his employment at the time of the accident; (2) Buddemeyer was negligent in striking Jeffrey Surnow with his vehicle; and (3) Jeffrey Surnow was

---

(. . . continued)
demonstrably decide on), judicial estoppel is not applicable to comparative negligence in a criminal case.

[8] Although not raised by the County, the court addresses one final matter. As a general rule, the doctrine of estoppel is not applied to states (or presumably other government entities). *See New Hampshire v. Maine*, 532 U.S. 742, 755 (2001). But the concern that underlies this general rule—"broad interests of public policy may make it important to allow a change of positions"—is not present here. *Id.* (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4477 (1981)). This is not a case where estoppel would "compromise a governmental interest in enforcing the law" or "where the shift in the government's position is the result of a change in public policy." *Id.* (citations and quotation marks omitted). In contrast, if the civil case had proceeded first, and the County argued that Buddemeyer was not negligent, it is unlikely that the doctrine could be applied to a later criminal prosecution of Buddemeyer. But here, as is the usual case, the civil case trailed the criminal prosecution.

not comparatively negligence. *See* ECF No. 100-1 at PageID #668; ECF No. 102 at PageID #735. The court only agrees with Plaintiffs concerning scope of employment.

### 1. *Scope of Employment*

Plaintiffs move for partial summary judgment on the issue of whether Buddemeyer was acting within the scope of his employment with the County at the time of the accident. ECF No. 100-1 at PageID #679. The County's only argument in opposition is that Buddemeyer was not acting within the scope of his employment because he was driving home when the accident occurred. ECF No. 161 at PageID #1472-73; *see also* County's CSF ¶ 11, ECF No. 162. The court agrees with Plaintiffs.

*State v. Hoshijo ex rel. White*, 102 Haw. 307, 76 P.3d 550 (2003), defined the scope of employment under the theory of respondeat superior:

> (1) Conduct of a servant is within the scope of employment or authority if, but only if:
> (a) it is of the kind that he or she is employed to perform;
> (b) it occurs substantially within the authorized time and space limits; and
> (c) it is actuated at least in part, by a purpose to serve the master.
> (2) Conduct of a servant is not within the scope of employment [or authority] if it is different in kind from that authorized, far beyond the authorized time or space

> limits, or too little actuated by a purpose to serve the master.

*Id.* at 319-20, 76 P.3d at 562-63 (footnote, citation, and editorial marks omitted).

At the hearing, Plaintiffs proffered that Buddemeyer had been recently deposed and that he stated that officers patrol their geographic region up until the time their shift is scheduled to be completed, and that he was patrolling as he headed in the direction of home when the accident occurred. The County agreed that Buddemeyer testified to those facts, and the County admitted that Buddemeyer was on duty at the time of the accident. The County also admitted that the only facts it had to show that Buddemeyer was not acting in the scope of his employment was Buddemeyer's prior testimony that he was heading home when the accident occurred. Further, the County's representative, Robert Wagner, stated in his deposition that Buddemeyer was on duty at the time of the accident. Pl.'s Ex. L, Robert Wagner Dep. at 45:8-12; 56:14-23, ECF No. 181-2. Based on those admissions and the lack of evidence to suggest otherwise, the court grants summary judgment—Buddemeyer was acting within the scope of his employment at the time of the accident.

### 2. *Buddemeyer's Negligence*

Plaintiffs move for summary judgment on the issue of whether Buddemeyer was negligent in striking Jeffrey Surnow with his vehicle. ECF No.

15

100-1 at PageID #679.⁹ Plaintiffs assert that it is undisputed that: (1) another motorist successfully passed Surnow on the left shortly before the accident; (2) Buddemeyer never saw Jeffrey Surnow before he hit him even though witnesses saw Surnow's blinking, rear-facing light both before and after the accident; and (3) Buddemeyer admitted that he did not know how tired he was at the time and told an investigating officer that he may have fallen asleep at the wheel. ECF No. 102-1 at PageID #758.

The County disputes that Buddemeyer was negligent and argues that "there is no first-hand testimony of what happened" because Buddemeyer does not remember what happened just before the accident. ECF No. 161 at PageID #1467. In support, the County presents expert evidence that the lack of visibility (arising from the time of day and Surnow's lack of reflective materials), Surnow's distance from the fog line, and the time it would take Buddemeyer to slow down to Surnow's speed may have caused the accident rather than Buddemeyer's negligence. *Id.* at #1470-71.

There is a duty for motorists to maintain a proper lookout, which includes seeing objects in plain view on the highway. *See generally*, 40 Am. Jur.

---

⁹ To be clear, the County is judicially estopped from denying Buddemeyer's negligence. But that ruling applies solely to the County, not Buddemeyer. Thus, this aspect of the Motion seeks summary judgment as to Buddemeyer's negligence without reference to judicial estoppel.

Proof of Facts 2d 411 & n.4 (originally published in 1984) (listing numerous cases).[10]  When drawing all reasonable inferences in the light most favorable to Defendants, the court finds a genuine issue of material fact as to whether Buddemeyer negligently failed to maintain a proper lookout.  Defendants have presented some expert evidence that visibility was poor at the time of day when the accident occurred, Surnow was not wearing reflective material, and Surnow was several feet to the left of the fog line.  *See* County's CSF ¶ 7, ECF No. 162; County's Ex. 1, ECF No. 162-2 at PageID #1489-90.  Further, Defendants have presented some expert evidence that Buddemeyer could not have avoided a collision with Surnow even if Buddemeyer had seen him at "the earliest point of looming detection."  *See* County's CSF ¶ 9, ECF No. 162; County's Ex. 3, ECF No. 162-6 at PageID #1553-54.

Plaintiffs' arguments to the contrary are unavailing.  The cases Plaintiffs cite, *Tsugawa v. Reinartz*, 56 Haw. 67, 527 P.2d 1278 (Haw. 1974), and *De Los Santos v. State*, 65 Haw. 608, 655 P.2d 869 (1982), are factually distinguishable from the instant case because in both cases there is no genuine dispute concerning the motorist's inattention.

---

[10]  Also, HRS § 291-12, titled "Inattention to driving," makes unlawful "[w]hoever operates any vehicle negligently as to cause a collision with, or injury or damage to . . . any person, vehicle or other property . . . ."

17

*Tsugawa* held the defendant-motorist liable, as a matter of law, for rear-ending the plaintiff's car because the defendant was distracted by a dog in his lane of travel and looked away from the stop-and-go traffic in front of him. *See Tsugawa*, 56 Haw. at 71, 527 P.2d at 1282. And *De Los Santos* held the defendant-motorist liable, as a matter of law, for running a stop sign and striking another vehicle because (among other things) just prior to the accident he reached for an object on the passenger side, taking his eyes off the road, and only saw the stop sign when he sat back up. *De Los Santos*, 65 Haw. at 609-11, 655 P.2d at 870-71 ("[T]he evidence shows he was clearly inattentive to his duties as a driver."). *De Los Santos* also found negligence as a matter of law because the motorist was speeding, had his headlights on low beam, and the highway was lit by street lights. *See id.*

The evidence before the court in the instant case, when viewed in the light most favorable to Defendants, is distinguishable from *Tsugawa* and *De Los Santos* because there is a genuine issue of material fact concerning whether Buddemeyer was inattentive to his duties as a driver. While there is some evidence that Buddemeyer may have fallen asleep at the wheel, that is still a disputed fact.[11]

---

[11] The court recognizes that this Order creates a challenging situation where the County may not make arguments challenging Buddemeyer's negligence, but Buddemeyer is allowed to
(continued . . .)

### 3. *Comparative Negligence*

Plaintiffs move for summary judgment that Jeffrey Surnow was not comparatively negligent, arguing that "Mr. Surnow was following state law and was visible to passing motorists from a substantial distance." ECF No. 100-1 at PageID #680. The court disagrees.

First, there are material disputes of fact concerning how far Jeffrey Surnow was riding from the fog line, if that distance was great enough to be in violation of law,[12] if that distance was negligent, and if that distance contributed to the accident. *See* Pls.'s CSF ¶ 14, ECF No. 103; Buddemeyer's CSF at 4, ECF No. 151; County's CSF ¶ 7, ECF No. 162; County's Ex. 1, ECF No. 162-2 at PageID #1489-90; County's CSF ¶ 4, ECF No. 164. And second, there are material disputes of fact about whether the lack of reflective material on Jeffrey Surnow's bicycle was in violation of law,[13] was negligent, and contributed to the accident.

---

(. . . continued)
make those arguments. The logistics involved will have to be addressed at a later stage of the proceedings.

[12] HRS § 291C-145 requires that a person operating a bicycle on a roadway "shall ride as near to the right-hand curb, on the edge of the roadway, or on the shoulder off of the roadway as practicable."

[13] HRS § 291C-147 requires that every bicycle "shall be equipped with a red reflector at least four square inches in size which shall be visible for six hundred feet to the rear when directly in front of lawful lower beams of head lamps on a motor vehicle."

*See* Pls.' CSF ¶ 4, ECF No. 103; Buddemeyer's CSF at 5, ECF No. 151; County's CSF ¶ 7, ECF No. 162; County's Ex. 1, ECF No. 162-2 at PageID #1489-90; County's CSF ¶ 4, ECF No. 164.

Accordingly, there is still a genuine issue of material fact concerning whether Jeffrey Surnow was comparatively negligent.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Partial Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Surnow, et al. v. Buddemeyer, et al.*, Civ No. 17-00038 JMS-RT, Order Granting in Part and Denying in Part Plaintiffs' Motions for Partial Summary Judgment, ECF Nos. 100, 102